# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| WILLARD EDWARD MORE, III,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHILD SUPPORT RECOVERY,<br><br>　　　　Defendant. | No. C09-0049-LRR<br><br>ORDER |

　　　　The matter before the court is the defendant's motion to dismiss (docket no. 13) under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  The defendant filed such motion on October 2, 2009.  The plaintiff filed a resistance (docket no. 14) on October 16, 2009.  The defendant did not file a reply, and the time for doing so has passed.

　　　　Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1959 (2009).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. at ___,

---

[1] The court notes that "[a] motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure 12(b)(6)]." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (discussing standard of review).

129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Having reviewed the record, which includes, but is not limited to, the plaintiff's complaint and resistance, the court deems it appropriate to dismiss the claims against the defendant for the reasons stated in the motion to dismiss. The defendant adequately sets forth the law in the Eighth Circuit as applied to the assertions and facts that are set forth in the complaint. Specifically, the defendant correctly concludes that the plaintiff failed to establish that federal jurisdiction exists.

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the Supreme Court clarified that only it has the authority to entertain a proceeding to reverse or modify a state court judgment. *Id.* at 416; *see also* 28 U.S.C. § 1257(a)

(granting only the United States Supreme Court the power to review final judgments rendered by high courts of a state). In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), the Supreme Court reaffirmed that federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *Id*. at 482-86. The Supreme Court concluded that federal district courts lack jurisdiction to review issues that are "inextricably intertwined" with the issues previously decided in a state court proceeding. *Id*. at 486. The two principles have merged to become the *Rooker-Feldman* doctrine, which stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine).

Here, the plaintiff complains of injuries caused by the state court judgment that entered against him in 1982. The judicial action attacked in this case was taken in adversary proceedings and within the scope of the color of authority granted to the Iowa District Court for Linn County. Under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction because the plaintiff's allegations of error are "inextricably intertwined" with the issues that were resolved in the state court proceedings. Stated differently, the court lacks the authority to review and reject the state court judgment. *See e.g., Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine bared the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought"). It is not possible for the court to grant the requested relief without disrupting the judicial process of the Iowa courts; the plaintiff's recourse, if any, is through either the appeals courts, which include the appellate courts of Iowa and

the United States Supreme Court, or a new action commenced in the Iowa District Court for Linn County.

In sum, dismissal of the instant action is warranted because the plaintiff is unable to call into question a state court's decision concerning the paternity of a child and the award of support made with respect to such child. Accordingly, the defendant's motion to dismiss (docket no. 13) is granted.

**IT IS SO ORDERED**.

**DATED** this 30th day of October, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA